UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MARK T. LAVERY,

Plaintiff,

THIRD PLANET MEDIA LLC,
NOVIG SWEEPS LLC, and
DABBLE SPORTS, LLC

Defendants.

## COMPLAINT

Plaintiff MARK T. LAVERY ("Plaintiff" or "Lavery"), for his Complaint against Defendants, states as follows:

**I. PARTIES**

1. Plaintiff MARK T. LAVERY is a resident of Illinois.

2. Defendant THIRD PLANET MEDIA LLC is an entity controlled by Cal Spears, Adam Small and Brett Smiley. It is not a citizen of Illinois.

3. Defendant NOVIG SWEEPS, LLC has a principal place of business in New York. It is not a citizen of Illinois.

4. DABBLE SPORTS, LLC has a principal place of business in Texas. It is not a citizen of Illinois.

**II. JURISDICTION AND VENUE**

5. This Court has diversity jurisdiction under 28 U.S.C. §1332 because Plaintiff is a citizen of Illinois, Defendant is not a citizen of Illinois and the amount in controversy exceeds $75,000 exclusive of interest and costs.

6. Venue is proper in the Northern District of Illinois because Defendant operates virtual gambling halls including in Illinois.

7. Modern technology permits online gambling halls to "geofence" the size of the gambling hall.

8. For example, a company known as Robinhood operates a gambling hall but geofences Nevada out of the gambling hall.

9. Defendants are part of a combination that have established, maintained and participated in a combination or in the profits of a combination for gambling promotion and gambling offenses punishable as a Class A misdemeanor under the Texas Penal Code.

10. "Combination" means three or more persons who collaborate in carrying on criminal activities, although: (1) participants may not know each other's identity; (2) membership in the combination may change from time to time; and participants may stand in a wholesaler-retailer or other arm's-length relationship in illicit distribution operations. See Title 11 Sec. 71.01 of Texas Penal Code.

11. There is personal jurisdiction over Defendants in this District because Defendants take action from gamblers wagering in this District using Props.com, Novig.us and dabble.com.

12. Third Plaintiff Media LLC originates gambling accounts with gamblers in Illinois in this District in Cook County in addition to Ohio, Massachusetts, Kentucky and Texas using props.com with an offer of 1000 Coins + 5 Novig Cash using PROPS1 promo code and using props.com with an offer for Dabble to Get $25 Free on Sign-Up using promo code PROPS 10.

III. LEGAL THEORY

13. This case is related to Lavery v. Kalshi Inc. 1:2025cv14184

14. Plaintiff is a bounty hunter and private enforcer of gambling laws.

15. Plaintiff has a history of using laws derived from the Statute of Anne, Nuisance law and the Illinois False Claims Act to recover money from illegal gambling operations.

16. Plaintiff was the first private enforcer to take action against player prop gambling sites disguised as fantasy sports. See Sports Gambling Site Posing As Fantasy Platform, Suit Says, Laurann Wood, March 22, 2022. Law 360.

17. Plaintiff later successfully recovered money for the State of Illinois in *State of Illinois ex. rel Lavery v. Two Nine Gaming. Inc., et. al.* related to a player prop parlay sports wagering site disguised as fantasy sports called StatHero who was represented by noted gaming attorney Jeff Ifrah.

18. Plaintiff was also the first actor to take action against exchange wagering disguised as financial products in *The State Of Illinois, Ex Rel. Mark Lavery v. North American Derivatives Exchange, Inc. d/b/a Crypto.com | Derivatives North America*, 1:2025cv10815 (remanded after improper removal).

19. Plaintiff started his private enforcement actions after the death of his wife by suicide in 2008.

20. Plaintiff's wife was a problem gambler.

21. Plaintiff's wife became addicted to gambling at a gambling hall called Ultimate Bet that offered poker and blackjack.

22. Adam Small from Third Panet Media LLC got his start in illegal online gambling on poker.

23. The operators of Ultimate Bet were part of a criminal organization of poker gamblers who operated and controlled Ultimate Bet, Pokerstars and Full Tilt Poker.

24. On April 15, 2011, the Department of Justice shutdown Pokerstars, Full Tilt Poker and Absolute Poker which was a successor to Ultimate Bet.

25. Black Friday traditionally refers to the day that commemorates the crucifixion of Jesus Christ at Calvary.

26. But for poker gamblers like Adam Small, Black Friday refers to the day that the Department of Justice lead by Preet Bharara shutdown illegal rigged poker websites promoted by Adam Small.

27. Mr. Bharara called this criminal enterprise a massive Ponzi scheme against the gamblers.

28. Undeterred Adam Small continued to promote illegal online gambling.

29. Adam Small formed Defendant's combination with Cal Spears and Brett Smiley in 2024 and created a front Third Planet Media LLC to operate the gambling activities of the combination.

30. The goal of the combination includes the promotion of exchange wagering in the wake of the popularity of Kalshi.

31. The goal of the combination includes the promotion of player prop wagering sites in the wake of the popularity of PrizePicks.

32. Plaintiff has standing to bring this case to seek penalty bounties. See *Marvin v. Trout*, 199 U.S. 212 (1905).

33. Plaintiff has standing to bring an action as a private citizen under Title 6 Sec. 125.002 Texas Civil Practice and Remedies code because while the physical location of the place of common nuisance is located at 600 Congress Avenue 14th Floor Austin, TX 78701, the gambling is deemed to occur in the counties of this District including Cook County where Plaintiff resides. See *Southern Ute Indian Tribe et al. v. Polis et al.*, No. 1:24-cv-01886-GPG-NRN (USDC D. Colo. Oct. 23, 2025).

34. Plaintiff seeks to claim a bounty on penalties against the combination under the laws of Illinois, Kentucky, Ohio, and Massachusetts.

35. Plaintiff contends that every loss on every gamble with the combination is subject to state penalties under the laws of each of these states because the geofence of the combination includes Illinois, Kentucky, Ohio, and Massachusetts. See *Southern Ute Indian Tribe et al. v. Polis et al.*, No. 1:24-cv-01886-GPG-NRN (USDC D. Colo. Oct. 23, 2025).

36. Plaintiff contends that the combination is subject to the laws of Texas because it processes wagers in Austin, Texas, takes wagers in Texas and exchange wagering links the combination with gamblers in Illinois in this District along with gamblers in

Kentucky, Ohio, Massachusetts and Texas using the Internet of Things within the geofence of the combination's gambling operation.

37. The Tenth Amendment of the United States Constitution mandates that this Court must assess penalties against the combination under each state law.

### IV. FACTUAL ALLEGATIONS

38. Kalshi has popularized exchange wagering.

39. Exchange wagering is a form of online sports wagering pioneered by BetFair in Europe.

40. According to journalist Ben Horney, Kalshi sought to buy exchange wagering platform Novig.

41. Novig originally was a licensed sports wagering operation in Colorado.

42. But Novig decided to abandon legal sports wagering in favor of running an illegal interstate sports wagering exchange disguising the sports wagering site as a sweepstakes promotion.

43. On August 11, 2025, Defendant Third Planet Media promoted Novig on ingame.com writing "Novig currently operates across the U.S. as a sweepstakes operator. Users can play for free Novig Coins, or for Novig Cash, which can be redeemed for real money. Players can receive Novig Cash as a "bonus" when they buy Novig Coins, or as a reward for certain activities, such as logging in for five or more consecutive days."

44. The graphic promoting Novig on ingame.com stated "we play by a different set of rules".

45. The promotion also stated, "Sports prediction market Novig — which currently operates a sports prediction market under a sweepstakes model — is exploring obtaining Commodity Futures and Trading Commission (CFTC) certification to launch real-money betting markets, its co-founder told InGame after the business announced it raised $18 million in Series A funding Monday."

46. Kalshi operates sports wagering under the guise of CFTC certification.

47. Federal judges in Nevada and Maryland have seen through this guise and ruled that Kalshi exchange wagering in subject to state gambling laws.

48. In June of 2024, Defendant Third Planet Media LLC and Dabble Sports, LLC began originating gambling accounts on player prop bets on Dabble.

49. A promotion on props.com stated "Welcome to the Props.com Dabble promo code and review page. Dabble is an exciting new fantasy sports platform now available in 25+ states around the country, including California, Texas, and Florida. It offers Pick 'Em style games on many of the most popular sports leagues in the United States, including the NFL, NBA, MLB, NHL, and more. Our experts are here to provide an in-depth Dabble Fantasy review, highlighting each of the unique features this sports wagering alternative platform has to offer."

50. Pick Em is a manufactured term used for language manipulation as part of the combination's regulatory arbitrage scheme to disguise prop bets.

51. The combination discloses the true nature of these bets in the name of the website used to originate bets props.com.

52. Prop bets have come to the public awareness as a result of integrity scandals involving Emmanuel Clase and Luis Ortiz of Major League Baseball and Terry

Rozier of the National Basketball League who are under federal indictments for unlawful rigged player prop bets wagering schemes.

53. As Danny Funt wrote in the New Yorker, "Athletes have so many opportunities to manipulate games and swing the outcome of a bet, he explained—especially the "prop" bets on individual player performance which have become online sportsbooks' biggest money-maker."

54. The combination seeks to profit from prop bets without paying wagering fees or taxes and targets teen gamblers.

55. The combination could easily geofence Illinois, Ohio, Massachusetts, Kentucky and Texas to restrict gamblers from these states from making wagers with the combination.

56. The combination could age-gate gamblers under 21 from making prop bets and exchange wagers.

57. But Defendant has made the decision to continue its illegal gambling operation targeting teen gamblers in Illinois, Ohio, Massachusetts, Kentucky and Texas.

58. On November 27, 2025, Plaintiff requested that Brett Smiley, a lawyer licensed in New York, and part of the combination to stop his illegal gambling promotion in concert with Adam Small and Cal Spears.

59. Despite due demand, the combination continues to offer illegal online gambling.

60. Every wager lost to the combination is lost in Illinois, Ohio, Massachusetts, Kentucky and Texas and subject to the laws of those states under the Tenth Amendment.

61. There are thousands of gamblers that lost money to the combination.

62. There are thousands of other gamblers who lost more than $5 dollars to the combination.

63. There are thousands of other gamblers who lost more than $50 dollars to Kalshi.

64. These thousands of gamblers have not sued the combination to recover losses.

### COUNT I — ILLINOIS LAW (720 ILCS 5/28-8)

65. Plaintiff incorporates all prior paragraphs.

66. Gamblers lost amounts exceeding $50 to the combination and did not sue within six months.

67. Defendants as part of the combination, as the gambling "winner," owes statutory treble penalties under Illinois law measured by all gambler losses over $50.

### COUNT II — OHIO LAW (Ohio Rev. Code §3763.04)

68. Plaintiff incorporates all prior paragraphs.

69. Gamblers lost money to the combination and did not sue within six months.

70. Defendants, as the combination gambling "winner," owes statutory penalties under Ohio law measured by all gambler losses.

### COUNT III — KENTUCKY LAW (KRS 372.040)

71. Plaintiff incorporates all prior paragraphs.

72. Gamblers lost more than $5 to Kalshi.

73. Defendant, as the gambling "winner," owes statutory penalties under Kentucky law measured by triple gambler losses over $5.

### COUNT IV — MASSACHUSETTS LAW (Mass. Gen. Laws ch. 137 §1)

74. Plaintiff incorporates all prior paragraphs.

75. Gamblers lost money to the combination and did not sue.

76. Defendant, as the gambling "winner," owes statutory penalties under Massachusetts law measured by triple all gambler losses.

### COUNT V – TEXAS LAW
### (Tex. Civ. Prac. & Rem. Code §§ 125.001 – 125.005)

77. Under Tex. Civ. Prac. & Rem. Code § 125.0015(a)(5), a common nuisance exists when a person maintains a place to which persons habitually go for the purpose of gambling in violation of the Texas Penal Code. 116. Under § 125.0015(b), a person or entity maintains or contributes to maintaining a nuisance if it knowingly tolerates the activity and fails to make reasonable efforts to abate it. Liability extends under § 125.002(b) to those who act together in a combination with others to maintain or assist the nuisance.

78. Defendants act together in a combination and persons habitually go to 600 Congress Ave., 14th Floor, Austin, TX 78701 for the purpose of gambling and gambling promotion in violation of the Texas Penal Code under § 125.0015(b).

### **PRAYER FOR RELIEF**

A. Award civil penalties to Plaintiff under the laws of Illinois, Ohio, Massachusetts and Kentucky law.

B. Enjoin Defendants and abate the common nuisance;

    C. Award attorney's fees and cost.


Respectfully Submitted,

/s/ Mark T. Lavery
Plaintiff


Mark Lavery
1200 W 35th Street
Chicago, IL 60609
AnchorPointRG@outlook.com